Eugene NEWTON *v.* Catherine D. TIDD

CA 05-982                                        231 S.W.3d 84

Court of Appeals of Arkansas
Opinion delivered March 8, 2006

*Joseph Churchwell,* for appellant.

JOHN MAUZY PITTMAN, Chief Judge. Appellee, Catherine D. Tidd, petitioned the Circuit Court of Polk County, Arkansas, for an order of protection on behalf of her mother, Jessie L. Tidd, alleging that appellant committed acts of domestic abuse against Jessie L. Tidd. An ex parte order of protection was entered. After a hearing, the trial court found that there was sufficient evidence to establish the existence of domestic abuse and entered an order of protection. Appellant argues that the evidence is insufficient to establish that he committed domestic abuse. We agree, and we reverse.

The standard of review on appeal from a bench trial is whether the judge's findings are clearly erroneous or clearly against the preponderance of the evidence. *Farmers Home Mutual Fire v. Bank of Pocahontas,* 355 Ark. 19, 129 S.W.3d 832 (2003). Disputed facts and determinations of the credibility of witnesses are within the province of the fact finder. *Id.* As pertinent to the facts of this case, "domestic abuse" is defined as physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault between family, household members, or persons who have been in a dating relationship with one another. Ark. Code Ann. § 9-15-103(2)(a) and (3) (Supp. 2005).

The evidence admitted at trial showed that appellant is a gentleman approximately seventy years of age who had for many years been a neighbor of Jessie L. Tidd, a seventy-four-year-old widow. Appellant had been a friend of Mrs. Tidd's deceased husband. Both of the men, having experienced several heart attacks and strokes, agreed to watch over and take care of each other's families in the event of their death. Mr. Tidd did not survive his fourth heart attack. Appellant, who survived his fifth and sixth heart attacks, did what he could to help Mrs. Tidd after her husband's death by performing chores such as mowing her lawn and helping with her financial affairs. Mrs. Tidd, who had been ill and depressed, misconstrued appellant's intentions and fell in love with him, as evidenced by several letters. On one occasion, she became suspicious that appellant was seeing another woman and forced her way into his home. After that event, appellant no longer permitted Mrs. Tidd into his home, and he did not visit her home other than to bring food to the door. Appellant did, however, continue to talk to Mrs. Tidd on the telephone and to socialize with her at dances held by the Elks' club.

Appellee Catherine Tidd, Mrs. Tidd's daughter, had for several years objected to her mother's association with appellant. Appellant testified that Catherine Tidd had cursed and threatened him on several occasions. In August 2003, Mrs. Tidd's attorney sent Catherine Tidd a letter stating that, if she continued to harass Mrs. Tidd and appellant, Mrs. Tidd intended to alter her estate plan to give Denise Thomas that share of Mrs. Tidd's property that Catherine Tidd would otherwise have received. In May 2005, Catherine Tidd obtained a guardianship over her mother, placed her in a nursing home, and filed the petition alleging domestic abuse that was the basis for the protective order that is the subject of this appeal.

However, with the exception of hearsay, the objection to the introduction of which was sustained by the trial court, there was no evidence that appellant committed domestic abuse. At most, all that can be said is that Mrs. Tidd had some bruising that was not inconsistent with fingerprints, and that appellant escorted Mrs. Tidd by the arm on occasion. Catherine Tidd herself stated at the hearing that she had not seen appellant do anything to her mother other than being "verbally controlling." This does not constitute "physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury, or assault," as required by Ark. Code Ann. § 9-15-103(2)(a) (Supp. 2005), and

we hold that the trial court clearly erred in finding that appellant had committed domestic abuse.

Appellant stated that, in light of these proceedings, he had no further desire to maintain contact with Mrs. Tidd and was seeking only to clear his name. It appears from his remarks from the bench after the hearing that the trial judge himself recognized that the evidence was insufficient, and he entered the order simply to do what was best for Mrs. Tidd given her attraction to and strong feelings for appellant. While we laud the trial judge's desire to protect Mrs. Tidd, we disagree with his statement that appellant should not be concerned because the proceedings were not criminal and would not go on appellant's otherwise sterling record: criminal or not, there is and should be a degree of opprobrium attached to a finding that a person has committed acts of domestic abuse. We are confident that any orders necessary to protect Mrs. Tidd from harm stemming from her irrational behavior can be entered in the context of the guardianship proceeding.

Reversed and remanded for further proceedings consistent with this opinion.

ROBBINS and BAKER, JJ., agree.